UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RAUL ABIDEL MARTINEZ,

                Defendant.

REPORT & RECOMMENDATION

11-CR-6181CJS

---

Currently pending before the Court is a motion for a judicial determination pursuant to 18 U.S.C. § 4241 that defendant Raul Abidel Martinez ("Martinez") is incompetent to stand trial. (Docket # 13).

On November 22, 2011, the Court ordered that Martinez undergo a psychiatric examination to determine whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Docket # 16). Martinez was subsequently evaluated on five occasions in December 2011 by Dana Brauman, Psy. D., a forensic psychologist at the Metropolitan Correctional Center. (Docket # 20). On January 13, 2012, Dr. Brauman submitted her report to the Court diagnosing Martinez with schizophrenia, but opining that he was competent to stand trial. (*Id*.). The government requested the Court to adopt Dr. Brauman's findings, but the defense requested a hearing and urged the Court to find that Martinez was incompetent to stand trial.

The competency hearing began on June 12, 2012, and Dr. Brauman testified. (Docket # 32).[1] Dr. Brauman noted in her report and testified that Martinez was currently taking and complying with antipsychotic medications at the time of her evaluation. (Docket ## 20 at 5, 7, 10; 32 at 35). In addition, Dr. Brauman noted that Martinez's history of noncompliance with medication could result in an exacerbation of his condition. (Docket ## 20 at 8; 32 at 36-37).

On June 14, 2012, the competency hearing was continued. (Docket # 30). On that date, the defense called two psychiatrists, Guillermo Portillo, MD, and J. Richard Ciccone, MD, who had previously examined Martinez in connection with state court proceedings. Dr. Portillo and Dr. Ciccone each testified that in his opinion in September 2011 Martinez was suffering from schizophrenia and was incompetent to stand trial. (Docket # 31 at 18, 19, 25, 58, 60). Following the conclusion of the testimony, defense counsel requested that the hearing be continued in order to permit Martinez to be examined by a defense expert. (Docket # 30).

On August 7, 2012, the competency hearing was continued for the purpose of offering testimony from Rory P. Houghtalen, MD, who had examined Martinez on July 6, 2012 at the request of the defense. (Docket # 34). Specifically, Dr. Houghtalen testified that Martinez suffers from schizophrenia and is incompetent to stand trial. (Docket # 35 at 42, 47). Dr. Houghtalen further testified that he learned that at the time of his evaluation, Martinez was taking only half the dosage of antipsychotic medication that he had been taking at the time of Dr. Brauman's evaluation and that the current dose was inadequate. (*Id*. at 48, 51-54). Houghtalen

---

[1] Martinez requested and received several adjournments of the scheduled competency hearing date. (Docket ## 21, 22, 24, 25).

opined that Martinez might be restored to competency with additional or different medication. (*Id*. at 48-51).

At the close of the hearing, the government agreed to discuss Dr. Houghtalen's testimony with Dr. Brauman and thereafter advise the Court whether the government continued to oppose a finding that Martinez was incompetent. (*Id*. at 81-84). On August 31, 2012, the government submitted a letter to this Court advising that after learning about Martinez's current medication dosages, Dr. Brauman agreed that it was appropriate to commit Martinez for restoration to competency. (*See* Docket # 36). The government then withdrew its opposition to the motion for a finding of incompetency. (*Id*.).

Accordingly, I recommend that the district court find that Martinez suffers from a mental disease – schizophrenia – that currently renders him incompetent to stand trial. I further recommend that Martinez be committed to the custody of the Bureau of Prisons for a reasonable period, not to exceed four months, to determine "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

                                                   *s/Marian W. Payson*
                                                     MARIAN W. PAYSON
                                                United States Magistrate Judge

Dated: Rochester, New York
       September  28 , 2012

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

                                               *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
       September  28 , 2012

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).